No. 21
### DEVOE v. DEVOE

Ohio Appeals, 5th Dist., Knox Co.

No. 250. Decided Nov. 22, 1926

Judges Lemert, Allread & Ferneding, 2nd Dist., sitting.

884. PAROL EVIDENCE—To engraft a trust on an absolute deed, by parol evidence, it must be shown that declaration of trust was contemporaneous with the deed; and that evidence, as to existence of the trust, must be beyond a reasonable doubt; and as to its terms and conditions, the evidence must be clear, certain and convincing.

BY THE COURT.

The original action was in partition wherein Edith and William DeVoe sought to engraft

a parol trust upon the title deed in favor of Edith DeVoe.

The deed was one of gift from the grandparents to John DeVoe, the husband of Edith, and the father of Smythe and William DeVoe. Smythe and Wililam were grantees in the original deed and a clause was inserted therein which puprorted to convey a life estate to John DeVoe. The name of the widow does not appear in the title deed, no ris there any enlargement of the life estate granted to John DeVoe, by referring to the wife or family. It is sought to make this enlargement by parol. The Court of Appeals held:

1. "A trust is engrafted on an absolute deed may be shown by parol evidence; but the declaration of such trust must be contemporaneous with the deed, and the evidence beyond a reasonable doubt as to the existence of the trust, and must be clear, certain and conclusive as to its terms and conditions." 64 OS. 1; Boughman v. Boughman, 60 OS. 275.

2. The parol evidence in this case is not sufficient to change the legal effect of the deed, or to engraft thereon a trust in fayor of Edith DeVoe or other members of the family.

Petition dismissed.

(Lemert, Allread & Ferneding, JJ., concur.)

Attorneys—B. E. Sapp for plaintiff; William Koons for defendant; both of Mt. Vernon.